NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBRA A. JONES, | No. 18-35506 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00965-BAT |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington,
Brian A. Tsuchida, Magistrate Judge, Presiding

Submitted July 10, 2020**
Seattle, Washington

Before: NGUYEN and BUMATAY, Circuit Judges, and SEEBORG,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

1

Debra Jones appeals the Commissioner of Social Security's denial of disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Although Jones suffers from fibromyalgia, which is diagnosed "entirely on the basis of patients' reports of pain and other symptoms," *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004), substantial evidence supports the Administrative Law Judge's ("ALJ") conclusion that Jones's physical examination findings were inconsistent with her complaints. For example, while Jones complained of constant pain, multiple doctors indicated that she was in no pain during examinations. The ALJ also noted that, although Jones claimed she was disabled, she also certified to the State of Washington that she was able to work full time for purposes of unemployment benefits. This is a basis to find Jones not credible. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161–62 (9th Cir. 2008). Accordingly, substantial evidence supports the ALJ's decision to discount Jones's subjective complaints.

2. Although the ALJ did not address the lay testimony of Jones's roommate, the ALJ specifically incorporated Jones's prior ALJ decision, which discounted that testimony. The prior decision assigned Jones's roommate's testimony little probative value since it was based largely on Jones's self-reported claims. We agree with the district court that there was nothing improper with the ALJ incorporating the prior decision.

2

3. Substantial evidence also supports the ALJ's assignment of little weight to the opinions of treating physician Dr. Neiman. The ALJ noted a discrepancy between Dr. Neiman's two opinions, which were given only a month apart, regarding Jones's ability to work. In January 2011, Dr. Neiman opined that Jones could work six to seven hours per day. But, in February 2011, Dr. Neiman claimed in an unemployment form that Jones could work neither full nor part time since November 2010. The ALJ also pointed out differences between a declaration submitted by Dr. Neiman and a draft of that declaration. Dr. Neiman struck parts of the draft declaration, prepared by Jones's attorney, that described Jones's limitations as more severe than his assertions in the final declaration. For example, Dr. Neiman averred that Jones's self-described inability to work was "reasonable" in the final declaration, but the draft declaration included the assertion that Dr. Neiman believed that Jones was unable to work in any capacity. Accordingly, the ALJ concluded that the differences in the declarations indicated Dr. Neiman's reluctance to describe Jones as disabled. These were specific and legitimate reasons to discount Dr. Neiman's opinions.

4. The ALJ also gave little weight to the opinion of Dr. Kim Liu, the consultative examining physician, since the opinion lacked clinical support and relied on Jones's subjective complaints. As the ALJ properly noted, Dr. Liu's opinion was based in part on Jones's report of being in "constant" pain, even though

3

Dr. Liu observed that Jones did not complain of pain during her examination. Moreover, another examining physician, Dr. Sara Dick, more recently found that Jones had "no palpable tenderness." These were specific and legitimate reasons to discount Dr. Liu's opinion.

5. Since we find no error in the ALJ's assessment of the medical and testimonial evidence, substantial evidence supports the ALJ's RFC determination and step-four finding.

6. Finally, the new evidence submitted by Jones to the Appeals Council did not undermine the ALJ's finding that Jones could perform some of her past jobs. About half a year after the ALJ's decision, Jones submitted a declaration in which she claimed that she could only work seated with the accommodation of a bariatric chair. We must consider whether substantial evidence, in light of the new evidence, supports the Commissioner's final decision. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). The new evidence does not disturb the conclusion that Jones was not disabled. Jones did not claim she used such a chair in her past jobs when her weight was roughly the same. Nor did any of Jones's physicians report any difficulties with her sitting in a normal-sized chair, and the ALJ found Jones's subjective reports about her pain to be not fully credible. The district court, therefore, properly concluded that the new evidence does not necessitate remand.

**AFFIRMED**.